## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

DAVID ANDRE KEYS,

     Plaintiff,

-vs-                                  Case No.

EQUIFAX INFORMATION
SERVICES LLC and ALLIANCE
AUTO, LLC,

     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, DAVID ANDRE KEYS (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and ALLIANCE AUTO, LLC (hereinafter "Alliance Auto") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.    This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.    Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Hillsborough County, Florida; Alliance Auto's principal address is in this District; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Alliance Auto is a corporation headquartered at 7040 US Highway 301 S in Riverview, Florida 33578.

14.     Alliance Auto is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15.     Alliance Auto furnished information about Plaintiff to Equifax that was inaccurate.

## FACTUAL ALLEGATIONS

16.     Plaintiff has an auto loan with Alliance Auto, partial account number ending in x1378 (hereinafter "Alliance Auto Account").

17.     In or about January 2023, Plaintiff purchased a vehicle with financing provided by Alliance Auto.

18.     Pursuant to the terms of the agreement, Plaintiff made timely payments to the Alliance Auto Account.

19.     In or about January 2024, Alliance Auto contacted Plaintiff and stated the Alliance Auto Account was 30 days past due and stated the last payment received was on November 18, 2023.

20.     Shortly thereafter, Plaintiff responded by providing proof of payment on December 18, 2023.

21.     In response, Alliance Auto admitted the error and advised the Alliance Auto Account would be corrected to reflect timely payments.

22.     On or about January 19, 2024, and each subsequent month, Plaintiff made timely payments to the Alliance Auto Account.

23.     On or about May 17, 2024, Plaintiff applied for a mortgage and was denied following a review of his credit file due to the negative reporting of the Alliance Auto Account.

24.     On or about May 23, 2024, Plaintiff obtained a copy of his Equifax credit report. Upon review, Plaintiff observed the Alliance Auto Account was reported with status of not more than three (3) payments past due and a balance of $8,750. The Alliance Auto Account was erroneously reported as 60 days past due in November 2023, 90 days past due in December 2023, 90 days past due in January 2024, 120 days past due in February 2024, and 60 days past due in April 2024.

25.     On or about May 24, 2024, Plaintiff reported the inaccurate reporting of the Alliance Auto Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240524-14599995.

26.     In the CFPB report, Plaintiff detailed the fact that the Alliance Auto Account was reported as past due, and he requested an investigation into the inaccurate reporting.

27.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Equifax, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

28.     Upon information and belief, Equifax failed to review the CFPB complaint that Plaintiff filed and continued to inaccurately report the Alliance Auto Account as past due on his credit report.

29.     Due to the inaccurate reporting, on or about May 28, 2024, Plaintiff submitted online a detailed dispute letter to Equifax. In the letter, Plaintiff advised the Alliance Auto Account should be reported as current/paid as agreed and not as past due. To confirm his identity, images of his driver's license and current utility bill was included in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the proofs of payment, and images of his filed CFPB Complaint.

30.     On or about May 28, 2024, the same day, Plaintiff received dispute results from Equifax which stated the Alliance Auto Account was verified and updated. However, the Alliance Auto Account continued to be erroneously reported with a status of 60 to 80 days past due with a past due balance of $1,311.

31.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

32.     Equifax never attempted to contact Plaintiff during the alleged investigation.

33.     Upon information and belief, Equifax notified Alliance Auto of Plaintiff's dispute. However, Alliance Auto failed to conduct a reasonable

investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

34.     On or about May 31, 2024, Plaintiff obtained an updated copy of his Equifax credit report. Upon review, Plaintiff observed the Alliance Auto Account continued to be reported as not more than three (3) payments past due. Further, the Alliance Auto Account continued to be erroneously reported as 60 days past due in November 2023, 90 days past due in December 2023, 90 days past due in January 2024, 120 days past due in February 2024, and 60 days past due in April 2024.

35.     Due to the inaccurate reporting, on or about June 4, 2024, Plaintiff submitted online a second detailed dispute letter to Equifax. In the letter, Plaintiff reiterated the Alliance Auto Account should be reported as current/paid as agreed and not as past due. To confirm his identity, images of his driver's license and current utility bill was included in the letter. Further, Plaintiff provided images of the erroneous reporting, images of the proofs of payment, and images of his filed CFPB Complaint.

36.     On or about July 1, 2024, Plaintiff received dispute results from Equifax which stated the Alliance Auto Account was updated to report as paid in full and deleted from his credit file.

37.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.  Loss of time attempting to cure the errors;

iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.  Denial for a mortgage loan;

v.   Apprehensiveness to apply for new credit due to the fear of rejection; and

vi.  Defamation as Defendants published inaccurate information to third party entities.

## **CAUSES OF ACTION**

### **COUNT I**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

38.  Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

39.  Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

40.     Equifax allowed for a furnisher to report an erroneous status of an account to Plaintiff's credit file.

41.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

42.     Equifax selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

43.     Equifax chooses the illegitimate parroting of information despite consumers, like Plaintiff, providing ample evidence.

44.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

45.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

46.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, DAVID ANDRE KEYS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

47.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

48.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

49.     Equifax allowed for a furnisher to report an erroneous status of an account to Plaintiff's credit file.

50.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

51.     Equifax selects to just parrot the information provided by the furnisher and to avoid conducting re-investigations.

52.     Equifax chooses the illegitimate parroting of information despite consumers, like Plaintiff, providing ample evidence.

53.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

54.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

55.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, DAVID ANDRE KEYS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

56.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

57.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

58.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

59.     Plaintiff provided Equifax with the information it needed to confirm that the Alliance Auto tradeline should be reported as timely paid and not with a status of past due. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

60.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

62.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, DAVID ANDRE KEYS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

63.    Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

64.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66.     Plaintiff provided Equifax with the information it needed to confirm that the Alliance Auto tradeline should be reported as timely paid and not with a status of past due. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

67.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, DAVID ANDRE KEYS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Alliance Auto, LLC (Negligent)

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

71.     Alliance Auto furnished inaccurate account information to Equifax and through Equifax to all of Plaintiff's potential lenders.

72.     After receiving Plaintiff's disputes, Alliance Auto violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the

erroneous account status; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

73.     Plaintiff provided all the relevant information and documents necessary for Alliance Auto to have identified that the account status was inaccurate.

74.     Alliance Auto knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

75.     Alliance Auto violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

76.     As a direct result of this conduct, action, and/or inaction of Alliance Auto, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

77.     The conduct, action, and inaction of Alliance Auto was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

78.     Plaintiff is entitled to recover costs and attorney's fees from Alliance Auto in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, DAVID ANDRE KEYS, respectfully requests that this Court award actual damages against Defendant, ALLIANCE AUTO, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Alliance Auto, LLC (Willful)

79.     Plaintiff re-alleges and incorporates paragraphs one (1) through thirty-seven (37) above as if fully stated herein.

80.     After receiving Plaintiff's disputes, Alliance Auto violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account status; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

81.     Plaintiff provided all the relevant information and documents necessary for Alliance Auto to have identified that the account status was inaccurate.

82.     Alliance Auto knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

83.     Alliance Auto violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

84.     As a direct result of this conduct, action, and/or inaction of Alliance Auto, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

85.     The conduct, action, and inaction of Alliance Auto was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

86.     Plaintiff is entitled to recover costs and attorney's fees from Alliance Auto in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, DAVID ANDRE KEYS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, ALLIANCE AUTO, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal

rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, DAVID ANDRE KEYS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and ALLIANCE AUTO, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 9th day of July 2024.

Respectfully submitted,

*/s/ Octavio Gomez, Esq.*
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

**_/s/ Frank H. Kerney, III, Esq._**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorney for Plaintiff*